Symbol 4660
Credit to the U.S. Treasury

JUN 0/3 2022

Clerk, U. S/ District Court
Youngstown, Ohio

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (EVIDENTIARY HEARING REQUESTED)

| United States  District Court | District:  Northern District of Ohio, Eastern Division |
|---|---|

| Name (under which you were convicted)<br><br>Tyrone Mock | Docket or Case No.:<br><br>**1:22CV 0937** |
|---|---|

| Place of Confinement<br><br>Trumbull Correctional Institution<br>5701 Burnett Road<br>P.O. Box 901<br>Leavittsburg, Ohio  44430 | Prisoner No.:<br><br>A690-210 | FILED<br><br>JUN 03 2022<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF OHIO<br>YOUNGSTOWN |
|---|---|---|

| Petitioner (include name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Tyrone Mock<br>Trumbull Correctional Institution          v.<br>P.O. Box 901<br>Leavittsburg, Ohio  44430 | Charmaine Bracy, Warden<br>Trumbull Correctional Institution<br>P.O. Box 901<br>Leavittsburg, Ohio  44430 |

| The Attorney General of the State of Ohio, David Yost, Esquire. | **JUDGE BARKER** |
|---|---|

**MAG. JUDGE PARKER**

## PETITION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    <u>Cuyahoga County Court of Common Pleas, 1200 Ontario Street, Cleveland, Ohio  44113.</u>

    (b) Criminal docket or case number (if you know): <u>CR-15-597566-A</u>

2.  (a) Date of the judgment of conviction (if you know): <u>August 24, 2016.</u>

    (b) Date of sentencing: <u>August 31, 2016.</u>

3.  Length of sentence: <u>Thirteen (13) years</u>

4.  In this case, were you convicted of more than one count of more than one crime?  [X] Yes  [ ] No

5.  Identify all crimes of which you were convicted and sentenced in this case:  <u>Engaging in a pattern of corrupt activity ("RICO"), a violation of R.C. 2923.32(A)(1); conspiracy, a violation of R.C. 2923.01(A)(1); 28 counts of forgery, violations of R.C. 2913.31(A)(3); 29 counts of money laundering, violations of R.C. 1315.55(A)(3); 9 counts of petty theft, violations of R.C. 2913.02(A)(3); 7 counts of aggravated theft, violations of R.C.</u>

2913.02(A)(3); 6 counts of telecommunications fraud, violations of R.C. 2913.05(A); 1 count of identity theft, a violation of R.C. 2913.49(C); 1 count of forging identification cards, a violation of R.C. 2913.31(A)(2); and 1 count of possession of criminal tools, a violation of R.C. 2923.24(A).

6. (a) What was your plea? (Check one)

[X] (1)  Not guilty                    [ ] (3)  Nolo contendere (no contest)

[ ] (2)  Guilty                        [ ] (4)  Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

[X] Jury            [ ] Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

[ ] Yes            [X] No

8. Did you appeal from the judgment of conviction?

[X] Yes            [ ] No

9. If you did appeal, answer the following:

(a) Name of court: Eighth District Court of Appeals

(b) Docket or case number (if you know): Appeals Case No. 104997

(c) Result: The judgment of the trial court was affirmed.

(d) Date of result (if you know): The appeal decision was journalized January 25, 2018.

(e) Citation of the case (if you know): *State v. Mock*, 2018-Ohio-268, 106 N.E.3d 154, 2018 Ohio App. LEXIS 264

(f) Grounds raised: I. The trial court erred in denying appellant's motion to suppress affidavits and warrants for installation and monitoring of a GPS tracking device which violated his rights under the Fourth Amendment of the United States and Article I Section 14 of the Ohio Constitution[s] and the court['s] failure to give appellant findings of facts and conclusion[s] of law on relevant constitutional issues thereby denying appellant[] due process.

II. The trial court erred in denying appellant a fair trial, due to the state and detectives in this case intentionally failing to disclose through discovery material exculpatory evidence relating to accomplice/co-defendants

which violated his rights under the Fourth Amendment of the United States and Article I Section 10 of the Ohio Constitution[s].

III. The trial court erred in denying appellant['s] Rule 29 motion for acquittal as to the charges when the state presented insufficient evidence to sustain appellant's convictions and/or appellant's convictions [are] against the manifest weight of the evidence and thereby appellant was denied due process under the Fourth Amendment of the United States and Article I Section 10 of the Ohio [Constitutions] thereby denying appellant[] due process.

Supplemental Assignment of Error. Appellant was denied the effective assistance of trial counsel, in violation of his Sixth Amendment right, and due process of law, when trial counsel failed to conduct a pretrial investigation and interview crucial witnesses, and trial counsel[']s failure to file a motion to suppress deficient and invalid search warrant to search and seize the contents of computer and the warrantless to [sic] search and seiz[ure] of cell phone contents in violation of appellant's Fourth Amendment rights.

(g) Did you seek further review by a higher state court?  [X] Yes   [ ] No
    If yes, answer the following:
    (1) Name of court: The Supreme Court of Ohio
    (2) Docket or case number (if you know): Case No. 2018-0363
    (3) Result: Discretionary appeal was not accepted for review for unspecified reasons.
    (4) Date of result (if you know): June 6, 2018
    (5) Citation to the case (if you know): State v. Mock, 2018 Ohio LEXIS 1486, 152 Ohio St. 3d 1490, 2018-Ohio-2155
    (6) Grounds raised:
    I. The trial court erred in denying appellant's motion to suppress affidavits and warrants for installation and monitoring of a GPS tracking device which violated his rights under the Fourth Amendment of the United States and Article I Section 14 of the Ohio Constitution[s] and the court['s] failure to give appellant findings of facts and conclusion[s] of law on relevant constitutional issues thereby denying appellant[] due process.

    II. Appellant was denied a fair trial due to the State and Detectives in this case intentionally failing to disclose through discovery material exculpatory evidence relating to Accomplice/Co-defendant in violation of Appellant's Rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

III.  Appellant was denied effective assistance of trial counsel in violation of his Sixth Amendment right and due process of law when trial counsel failed to conduct a pre-trial investigation and interview critical witnesses, and trial counsel[']s failure to file a motion to suppress  deficient and invalid search warrant to search and seize the contents of computer and the warrantless to [sic] search and seiz[ure] of cell phone contents in violation of appellant's Fourth Amendment rights.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No
    If yes, answer the following:

    (1) Docket or case number (if you know):  N/A

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10.  Other than the direct appeal listed above, have you previously filed any other petitions, applications, or motions concerning this judgment in any state court?  ☒ Yes  ☐ No

11.  If your answer to question 10 was "yes," give the following information:

    (a)    (1) Name of court: Cuyahoga County Court of Common Pleas

           (2) Docket or case number (if you know): CR-15-597566-A

           (3) Date of filing (if you know): December 14, 2018.

           (4) Nature of the proceeding: Petitioner filed the following: 1) Delayed motion for a new trial pursuant to Crim.R. 33(A)(1), (2), and (6) based on newly discovered evidence; and

           2) Motion for order finding he was unavoidably prevented from filing a motion for a new trial within the fourteen days after or within the 120 days after the verdict was rendered and motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33(B) and 33(A)(1), (2), and (6) based on newly discovered evidence.

           (5) Grounds raised:

           1.) Defendant Tyrone Mock, has obtained newly discovered evidence the trial court denied him a fair trial by jury in violation of Defendant's rights under the Ohio and United States Constitutions when the trial court unconstitutionally ex parte communicated with Defendant's jury during their deliberations, and implied to the jury that Defendant was guilty of corrupt activity and therefore guilty of committing another charge and/or charges set before them in their deliberations, while the trial court also erred by doing so outside the knowledge and presence of the defense.

2.) Defendant Tyrone Mock, has obtained newly discovered evidence that his Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution and Article I Section 10 of the Ohio Constitution were violated due to the trial court's ex parte communications with Defendant's jury outside the proper knowledge and presence of both parties (the defense & the prosecution), along with the trial court's failure to set forth on the record the dates, times, circumstances, as well as events relating to the full extent of their communications which resulted in constitutional irregularities within the jury's deliberative process and procedures. Thereby this constituted structural error and greatly prejudiced Defendant and caused a manifest miscarriage of justice to have occurred in this case denying Defendant a fair and impartial trial by jury. Therefore, Defendant is entitled to a new fair and impartial trial by jury.

3.) Defendant Tyrone Mock, has obtained newly discovered evidence that the trial court failed to notify the Defendant and/or his trial counsel that the Defendant's criminal jury was actively inquiring and communicating with the trial court. Further, the trial court by error withheld their communications from the defense and failed to memorialize and/or transcribe the ex parte communications between the trial court and Defendant's jury on the record. Thereby the trial court erred in failing to be present, to be heard, to object and to timely appeal any issues relating to the jury's deliberation process. Thus, Defendant Mock is entitled to a new fair and impartial trial by jury.

4.) [Defendant was unavoidably prevented from the discovery of evidence supporting] Police and prosecutor misconduct:

I. Fabricating evidence, abuse of court and violation of Defendant Tyrone Mock's constitutional rights under the Fourth, Fifth, Sixth and Fourteenth Amendment rights under the U.S. Constitution: (Police and State intentionally lied about, manufactured, falsified and intentionally with bad faith withheld from the defense the existence of relevant material exculpatory evidence in Defendant's criminal case and trial.)

II. Newly discovered evidence of Ms. Tammy Jordan & Ms. Brandon Fambro. (Police named Ms. Tammy Jordan and Ms. Brandon Fambro as being links to Petitioner's identity and involvement in criminal activity through phone records that were to have led police to Petitioner's home address. Ms. Tammy Jordan attested that she owned a cellphone in her name in 2015 (the time of the investigation) associated with her address in North Carolina, but did

not have a landline, and that her phone had "no affiliation whatsoever" with Petitioner's address, nor did she live at Petitioner's address.

Ms. Fambro was contacted and interviewed by David N. Patterson, Esquire, who attested that Ms. Fambro told Atty. Patterson that she did not have a personal cellphone in 2015 (the time of the investigation in her name). She also stated that she did not own a landline and that the cellphone she used was in her mother's name associated to an address unrelated to Petitioner. Police and State have yet to disclose the records and methodology used to allegedly obtain the information from the phones of Ms. Jordan and Ms. Fambro. The foregoing facts wholly undermine the claims stated as fact in an affidavit used to obtain a warrant to install a GPS tracking device on Petitioner's vehicle.)

III. Confidential informant['s] unreliability and lack of veracity/new evidence: Police never attested to the reliability or veracity to tell the truth within the body of the affidavits set forth in support of the search warrants.

IV. Newly discovered evidence: (Police claimed in the affidavit(s) used to obtain warrants that CI #2, D.H., the sole factor for establishing probable cause, identified Petitioner in a photo line-up/array as being "Ike," the man with whom she committed crimes, and that "Ike" was Petitioner. An affidavit was newly obtained from CI #2's Attorney, Mitchell J. Yesky, Esquire, who attested the following regarding an interview of CI #2 by police on March 27, 2015: "During this interview, Detective Duffy showed CI [#2] photographs of black males, but CI [#2] did not identify Ike. At no time was my client shown a photo array, but instead was shown individual photographs. The name Tyrone Mock [Petitioner] was never mentioned at this March 15, 2015 meeting and my client did not identify any photographs of the individual known to her as 'Ike.'" On April 22, 2015, Atty. Yelsky was present at another interview with CI #2 and further attested to the following: "Detective Duffy showed CI [#2] photographs one at a time at which time CI [#2] positively identified the individual known to her as Ike. The name Tyrone Mock [Petitioner] was never mentioned at the meeting and at no time was my client shown a photo array, but instead was shown individual photographs." The foregoing facts wholly undermine the claims stated as fact in an affidavit used to obtain a warrant to install a GPS tracking device on Petitioner's vehicle.)

V. State's discovery file/portal sent by Assistant Prosecutor Ms. Erica Barnhill to Attorney David Patterson: (In the Motion for Leave to File a Motion for New Trial, Petitioner provided

the trial court with the entirety of the discovery provided to the defense by the State, which consisted of over 2400 pages of documents.

VI.  Newly discovered evidence of Attorney Michael Yelsky: As outlined previously, an affidavit was obtained from the attorney for the sole factor for establishing probable cause, CI #2, D.H.  The affidavit refuted the claims in the police affidavit used to obtain a warrant for a GPS tracking device, to include: CI #2 was never shown a photo array with Petitioner's photo in it; CI #2 never identified Petitioner as "Ike," nor did she ever mention Petitioner's name to any interviewing officer.)

VII. Exclusionary rule:  Petitioner asserted that police acted in bad faith and intentionally manufactured, fabricated and falsified the facts and evidence submitted to the issuing court for the warrant to attach a GPS tracking device to Petitioner's vehicle for the malicious purpose [of] misleading the court and deprive [Petitioner] of his liberty and property. Therefore, the exclusionary rule applies under the circumstances of the case and the fundamental violation of Crim.R. 41 and the Ohio and U.S. Constitutions as well as being a deterrent [to] law enforcement officers in the future.

VIII. Unduly and impermissibly suggestive identification procedures: CI #2, as the sole factor for probable cause, was never shown a photo line-up/array to identify Petitioner, but a single photograph.  The procedure—or absence thereof—was significantly unduly and impermissibly suggestive while being overly prejudicial and violated [Petitioner's] Fourteenth Amendment right to Due Process of Law.

IX.  Facially deficient and invalid GPS tracking warrants:  The warrant was broad and open-ended in scope and without particularity and thereby constituted a general warrant that was invalid and prohibited by the Fourth Amendment to the Constitution.  The warrant(s) constituted an illegal search and seizure under the Fourth Amendment, as well as a seizure of [Petitioner's] privacy, property and liberty.  The warrants were devoid of probable cause to issue them.

X.  {Petitioner] is entitled to a new trial due to the State violating [his] constitutional rights by suppressing favorable evidence that was material to his guilt or innocence in this case.  The evidence was available to the State and police and not the defense in this case.

Petitioner appealed the denial of the Delayed Motion for Leave to File a Motion for New Trial and the accompanying Motion for New Trial to the Eighth District Court of appeals and argued the following assignment of errors:

1. The trial court erred in denying Appellant's Motion for New Trial under Crim.R. 33 based on a finding that the Appellant was not unavoidably delayed in discovering *Brady* violations which were the basis of a Motion for New Trial. (Petitioner was deprived of evidence showing probable cause for the search warrants and his subsequent arrest and prosecution. The deprivation constitutes a violation consistent with that in *Brady v. Maryland*, 373 U.S. 83.)

2. The trial court erred in denying Appellant's Motion for New Trial under Crim.R. 33 based on a finding that the Appellant was not unavoidably delayed in discovering previously undisclosed jury questions and the court's answers which were the basis of a Motion for New Trial. (Petitioner was deprived of information regarding *ex parte* communications between the judge and jury where neither he nor his counsel were present or apprised of the trial court's notes on the issues.)

The Eighth District Court of Appeals denied the appeal, *State v. Mock*, 2020-Ohio-3667, July 9, 2020, Case No. 108837.

Petitioner filed a Motion for Reconsideration and Motion for En Banc Rehearing for the denial, Docket No. 108837, and the Reconsideration was joined by the Ohio Innocence Project via a Brief of Amicus Curiae. The Eighth District Court of Appeals granted leave for the filing of the amicus curiae brief from the Ohio Innocence Project.
The grounds raised were as follows:
1) [Petitioner] did not have reasonable notice of the existence of jury questions and the trial court's answers to trigger the timing restrictions of Crim.R. 33.
2) Is there now conflicting precedent within the Eighth District regarding whether and to what extent Crim.R. 33 requires a defendant to discover evidence improperly suppressed by the State?

The Motion for Reconsideration and En Banc Rehearing was denied August 8, 2020.

Petitioner appealed the decision of the Eighth District Court of Appeals to the Ohio Supreme Court *State v. Mock*, 168 N.E.3d 1210, June 8, 2021, Case No. 2021-0438, and raised the following Propositions of Law:

Proposition of Law No. 1:  The trial court erred in denying Appellant's Motion for New Trial Under Crim.R. 33 based on a finding that the Appellant was not unavoidably delayed in discovering *Brady* violations which were the basis of a Motion for New Trial.  Thereby denying Appellants [sic] his Fourteenth Amendment right to due process of law under the United States Constitution.

Proposition of Law No. 2:  The trial court erred in denying Appellant's Motion for New Trial Under Crim.R. 33 based on a finding that the Appellant was not unavoidably delayed in discovering previously undisclosed jury questions and the court's answers which were the basis of a Motion for New Trial and in violation of Appellant's Fifth, Sixth and Fourteenth Amendment under the United States Constitution.

(6) Did you receive a hearing where evidence was given on your petition, application or motion?

☐ Yes    ☒ No

(7) Result: The motions for leave to file a motion for new trial based on newly discovered evidence and being unavoidably prevented from the discovery of the evidence were denied.  I appealed the denial to the Eighth District Court of Appeals.

The appeal to the Eighth District Court of Appeals was denied because "[Petitioner] failed to demonstrate that the trial court abused its discretion in finding that appellant was not unavoidably prevented from discovering either the notes containing jury questions and the court's answers or the claimed evidence of Brady violations within the time provided by Crim.R. 33(B)."

Appeal to the Supreme Court of Ohio, *State v. Mock*, 168 N.E.3d 1210, June 8, 2021, Case No. 2021-0438, was not accepted for review.

(8) Date of results (if you know): The Motion for Leave to File a Delayed Motion for New Trial was denied on June 24, 2019.  The appeal of the denial to the Eighth District Court of Appeals was July 9, 2020.  The denial of the Motion for Reconsideration and En Banc Rehearing was August 8, 2020.  The Ohio Supreme Court did not accept jurisdiction for discretionary appeal on June 8, 2021.

(b) If you filed any second petition, application or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your petition, application or motion?

☐ Yes          ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application or motion?

☐ Yes          ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☒ Yes    ☐ No   (See *State v. Mock*, 163 Ohio St. 3d 1441)

(2) Second motion:   ☒ Yes    ☐ No

(3) Third petition:   ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Petitioner exhausted every ground presented herein.

12. For this petition, state every ground on which you claim you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal argument must be submitted in a separate memorandum. **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all of the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:  Petitioner was deprived fundamental fairness of due process of law, the right to a fair trial and the protection of the 4th and 14th Amendments to the U.S. Constitution when the trial court failed to provide a full and fair hearing and an appropriate ruling and adjudications on his motions to suppress evidence, supplemental motion to suppress evidence, and *pro se* supplemental motion to suppress evidence, violations of (*Franks v Delaware*) with findings of fact and conclusions of law relevant to his constitutional issues concerning instillation of GPS tracking device.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Petitioner is requesting for a evidentiary hearing in the Federal Courts because petitioner was deprived fundamental fairness of due process of law under the Fourth and Fourteen Amendment to the United States Constitution in the States Courts when Petitioner did not have a full and fair adjudication of his Fourth Amendment claim because it was a sham proceeding, when Judge Timothy McCormick fail to adjudicate relevant Constitutional issues in Petitioners motions to suppress evidence at Petitioners (*Franks*) hearing on questions of falsified and manufactured affidavits that establish probable cause centralized by accomplice and indicted co-defendant CI#2 D.H. of phone records(paragraph 12), proffer letter(paragraph 14), and photo line-up/array(paragraph 15) in all affidavits and invalid search warrants Particularities and Privacy Clauses that was general warrants in nature. Petitioner filed a Motion to Suppress Evidence, a Supplemental Motion to Suppress, and a *pro se* Supplemental Motion to Suppress that was incorporated into counsel's Motions by counsel at the suppression hearing prior to trial due to the evidence violating Petitioner's rights under the U.S. Constitution. The trial court failed to address and adjudicate all of the Constitutional issues raised by Petitioner in the motions and addressed in the hearing on the issues pursuant to (*Franks*) hearing.

The state appellate court, in its denial of the issue, improperly agreed with the trial court and falsely claimed that Petitioner denied that the phone belonged to him and had no right to claim a constitutional violation. This was false, as Petitioner admitted the phone was his at a suppression hearing prior to trial. The trial court was unreasonable in its application of United States Supreme Court precedent in dismissing Petitioner's Motion to Suppress and relevant Supplemental Motions to Suppress on the premise that Petitioner did not have a constitutional right to privacy in relation to subscriber records.  Based on this falsehood, the appellate court unreasonably upheld the trial court's use of the incorrect and constitutionally unreasonable standard of "reasonable suspicion" instead of the correct legal constitutional standard established by the Fourth Amendment of "probable cause" to issue the warrants pursuant to a (*Franks*) hearing, based on the affidavits being falsified and manufactured to establish probable cause.

Petitioner also argued at the hearing that the CI#2 utilized by police was not reliable or credible due to a multitude of factors, one that she was bi polar, and that the phone number given to police as the subject of the warrant by CI#2 did not produce a subscriber name and the subscriber's address was in California which was not Petitioners address.  The police falsely claimed Petitioner had a second phone, misleading the court, which police

were to have somehow used to discover Petitioner's supposedly identity as "Ike," and an address where he was living. It was never established in the record that Petitioner owned a second phone (even tho Petitioner admitted to ownership of phone) and no records of a second phone were provided to the defense. Police never corroborated CI#2 information in no affidavits presented to the courts of the issuing judges.

At the suppression hearing, the two state chief witnesses, detectives Duffy and Witalis, both said they did nothing to confirm that Petitioner owned a second phone. At no time—not in the affidavits, search warrants, police reports, and during police testimony at the suppression hearing—did the State corroborate and produce any of the foregoing assertions with evidence. On the record the trial transcripts reflex that police said they watch/followed petitioner from January/ February- May 2015 and never seen petitioner commit crimes, fact of the matter, over 50 checks were cashed, especially from CI#2 February 27, 28 and March 1, 2015 and by other alleged co-defendants during these months, yet a GPS tracker search warrant was still unreasonably issued. The State and its prosecutorial machinery intentionally and with reckless disregard for the truth improperly suppressed critical and relevant in nature material and exonerating evidence which denied Petitioner due process. The State continues to refuse to provide Petitioner with a copy of documents of phones records(paragraph 12), the proffer letter(paragraph 14), from CI#2 and the copy of the alleged photo line-up\array(paragraph 15), claimed to be used in a photo line-up by police in all affidavits for GPS tracker search warrants.

Additionally, the warrant to monitor Petitioner's movements via a GPS tracking device were overly broad and without authority or particularity; general warrants that the Constitution forbids. The warrant from the county judge in Ohio authorized police to install the monitoring device "in a place where there is a reasonable expectation of privacy" and monitor Petitioner "in any jurisdiction of the United States." A state court judge has no authority to authorize nationwide surveillance. Also, warrants are to be executed during the daytime unless permitted otherwise by the issuing judge, for good cause must be shown. The warrant for the GPS tracking device was executed in the middle of the night without any authorization in the warrants. The GPS tracking device was also installed while the vehicle was within the curtilage (garage) of the dwelling.

The trial court failed to provide findings of fact and conclusions of law on all relevant constitutional issues before it, which included the lack of probable cause and the invalidity and insufficiency of the affidavits and search warrants for GPS installation and monitoring that were broad, open-ended and unbounded. The ground shows a lack of probable cause of clear and apparent violations of the Particularity and Privacy Clauses of the Fourth Amendment and the failure to provide a full and fair adjudication under legal constitutional standards of a (*Franks*) hearing.

Had the trial court properly adjudicated and ruled on each of the issues before it regarding the suppression of the evidence and the constitutional violations suffered therefore, there is a reasonable probability that the outcome of the proceedings would have been different. So Petitioner is entitled to release from custody or granted a new trail. The Ohio courts demonstrated that the decisions of the courts were contrary to and was objectively

unreasonable so as to constitute an unreasonable application of federal law determined and establish by the United States Supreme Court.

(b) If you did not exhaust your state remedies on Ground One, explain why:

The ground was properly exhausted to the Ohio Supreme Court.

(c) **Direct Appeal of Ground One:**

    (1) If you appealed the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

        The ground was raised.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☐ Yes ☒ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: No other remedies were required.

**GROUND TWO:** **Petitioner was deprived fundamental fairness of due process of law due to the prosecution before and after trial intentionally failing to disclose through discovery relevant in nature (evidence that was attested by detective Witalis) material, exculpatory evidence related to indicted accomplice/co-defendant CI#2 D.H. in violation of Petitioner's rights under the 4th, 5th, 6th & 14th Amendments to the U.S. Constitution clearly (*Brady v Maryland*) violations.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Petitioner filed a Motion to Suppress Evidence and related motions to suppress evidence prior to trial due to the evidence violating Petitioner's rights under the United States Constitution. Petitioner challenged the search warrants authorizing police to install and monitor battery-operated GPS tracking device on a vehicle owned by Petitioner. Petitioner challenged the warrants as being invalid, deficient, lacking in jurisdiction, without particularity and probable cause which violated Petitioner's rights under the Fourth Amendment.

So therefore Petitioner is requesting for a evidentiary hearing in the federal courts, because Petitioner was deprived fundamental fairness of due process of law under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U. S. Constitution when Petitioner did not have a full and fair adjudication of his Fourth Amendment claim because it was a sham proceeding, so Petitioner can prove that the evidence of CI#2 D.H. who was the sole material person in establishing probable cause in all affidavits was improperly suppressed willfully by State of Ohio assistant prosecutor Erica Burnhill. This evidence was critical and relevant in nature because CI#2 made material statements to federal and state agents as in United States Secret Service Agent Ben Tyrrel, detectives Bill Duffy of Lyndhurst police department and Greg Witalis of the Rocky River police department (government agents) whom attested to the existence of this evidence in paragraphs 12(phone records), paragraph 14(proffer letter) and paragraph 15(photo-line up/array) of all affidavits. The sole material person used to establish probable cause and obtain the warrant for a GPS tracker for Petitioner was indicted accomplice/co-defendant CI#2, whom help develop and establish the essential vital elements of crimes Petitioner was charged with in the indictment and convicted of, had no reliability or credibility. So therefore balancing tilts in favor of disclosure due to the degree of participation of CI#2 in criminal activities. CI#2 centralized probable cause and was essentially a witness for the State by way of the two chief witnesses detective Duffy and Witalis testimony at the suppression hearing. In seeking to obtain the warrant, police failed to inform the issuing judge that it was the first time police used CI#2 as an informant, she was shown to have lied to police regarding where she lived, was known to pass fraudulent checks, and was housed in Richmond Heights Hospital Mental Ward when police tried to contact her, as she was not permitted to live with her parents (where she told police she was living) due to her disruptive bi-polar mental illness. These were material omissions from the court, depriving the court from making a full and fair determination as to whether the warrants should issue. Because the State was aware of the issues of CI#2 and

intentionally failed to provide them to the court of the issuing judge, it cannot be said that a good faith exception would be applicable to this case.

CI#2 told police that she worked with a man named "Ike" when passing fraudulent checks, but never mentioned Petitioner. Yet, in the affidavits submitted by the police to the court for the warrants for Petitioner, only information purportedly from CI#2 was used to establish probable cause. Compounding the invalidity of the warrants is the fact that police never provided the phone records, the proffer letter, or photo line-up/array positively identifying Petitioner by CI#2 or any admissions or statements made by her other than the affidavits, police reports and testimony of the police. Absolutely zero.

Per the State's affidavits, CI#2 was also alleged to have identified Petitioner as "Ike" via a photo line-up/array. However, Petitioner was not provided a copy of the photo line-up\array that was to have been used by the State. Petitioner was entitled to the evidence allegedly provided by the CI#2, along with any other identification or other evidence used to establish probable cause for the essential vital elements of the crimes for which Petitioner was indicted and convicted of. The only evidence redacted from the record—if it ever existed— was that of CI#2.

There was no direct or corroborating evidence provided by the State to support any probable cause for Petitioner being involved in criminal activity. The absence of the required proof and evidence totally eliminated any nexus relating Petitioner to criminal activity that would invoke or support the issuance of a warrant. This is especially true as the detectives in the case, who previously surveilled Petitioner for a substantial time, January/February until GPS tracker was placed on vehicle, testified that they never witnessed Petitioner's involvement in any criminal acts prior to or after affixing the GPS tracking device to the vehicle.

The State still has not met its inescapable duty to provide Petitioner with any and all information or documentation as to statements from CI#2 used to gain the phone records allegedly obtained from the phone # (216) 246-9357 given by CI#2 for "Ike", which was claimed to be the source of the information leading to the discovery of Petitioner's address, proffer letter or any evidence from a photo line-up/array that was to have occurred, clear violations of *Brady*.

Petitioner was and is currently denied the ability to challenge the evidence or witness(es) claimed to exist by the State to establish probable cause, as it either does not exist or was improperly suppressed by the State to the prejudice of Petitioner. The appellate court also claimed the inability to rule on omissions or withholding of evidence from the State because they "did not have in the record before it what evidence was or was not exchanged in discovery." This reasoning of denial was objectively unreasonable because Petitioner filed a proper preacipe with the clerk of courts requesting the record be filed on appeal.

The State's malfeasant actions/inactions are a continuing and ongoing violation of due process of law of the U.S. Constitution.

Had Petitioner been provided the evidence that was improperly suppressed, there is a reasonable probability that the outcome of the proceedings would have been different. So Petitioner is entitled to release from custody or granted a new trail. The Ohio courts demonstrated that the decisions of the courts were contrary to and was objectively unreasonable so as to constitute an unreasonable application of federal law determined and establish by the United States Supreme Court.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

Ground Two was properly exhausted to the Ohio Supreme Court.

(c) **Direct Appeal of Ground Two:**

(1) If you appealed the judgment of conviction, did you raise this issue? [x] Yes [ ] No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? [ ] Yes [x] No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? [ ] Yes [ ] No

(4) Did you appeal from the denial of your motion or petition? [ ] Yes [ ] No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? [ ] Yes [ ] No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

No other remedies were required.


**GROUND THREE:  Petitioner was deprived fundamental fairness of due process of law when Petitioner was denied the effective assistance of counsel and a fair trial as guaranteed by the 6th & 14th Amendments to the U.S. Constitution, violations of (*Strickland v Washington*) when trial counsel failed to conduct pre-trial investigations and interview crucial witnesses and failed to file a motion to suppress evidence obtained via a deficient and invalid search warrant to search and seize the contents of a computer and the warrantless search and seizure of cell phone contents in violation of Petitioner's 4th & 14th Amendment rights.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):


As stated previously in GROUND TWO, CI#2 was an accomplice an a indicted co-defendant who was used as the sole material informant whom help develop and establish the essential vital elements of crimes Petitioner was charged with in the indictment and convicted of in the case by the State to claim probable cause to obtain search warrants.  She was shown to have lied to police regarding where she lived, was known to pass fraudulent checks, and was housed in Richmond Heights Hospital Mental Ward when police tried to contact her, as she was not permitted to live with her parents (where she told police she was living) due to her disruptive bi-polar mental illness.

It is also a fact that the subscriber information for the phone records of phone # (216) 246-5397 admittedly did not come back in Petitioner's name, nor did it reflect his home address, as claimed by the State. Who also admitted they did not do any follow-up with subscriber information or investigation as to their claim of a second phone. All of the foregoing were omitted from the affidavits of police submitted for the search warrants.

Petitioner was denied the effective assistance of counsel due to counsel's failure to investigate the alleged evidence claimed by the State to show probable cause that Petitioner had committed or was involved in criminal behavior.  Counsel has an essential duty to conduct a pretrial investigation of the evidence, property seized, and the facts surrounding the search(es) and seizure(s).

Petitioner is requesting for an evidentiary hearing in federal courts because Petitioner was deprived fundamental fairness of due process of law in State courts under the Sixth, and Fourteenth Amendments to the United States Constitution because material facts prove it was trial counsel Mr. Shaughnessy minimum, mandatory duty to interview CI#2 and her counsel to establish whether she made the statements, the veracity of her statements, her reliability as a witness, and even her relevance to the case.  The error is compounded when police conceded on the stand that they did no follow-up regarding CI#2 mental health or the investigation of the second phone, phone records.  Counsel should also have interviewed the detectives Bill Duffy and Greg Witalis, the United States Secret Service Agent Ben Tyrrel, CI#2 and her counsel Mitchell J. Yelsky regarding phone records(paragraph 12), her proffer letter(paragraph 14), and claimed identification of Petitioner from a photo line-

up/array(paragraph 15). CI#2 was also claimed to have identified Petitioner as the person she knew as "Ike" via a photo line-up/array. However, no such line-up was ever provided to Petitioner to verify this claim. The photo identification by CI#2 was to have occurred in the presence of her attorney Mitchell J. Yelsky and a Secret Service Agent Ben Tyrrel. Had counsel done so, Petitioner would have been successful in having the material evidence suppressed and exposed the State's improperly suppressing critical and relevant in nature material exculpatory evidence,

Trial counsel was aware of these material omissions and critical material and relevant in nature exculpatory evidence, as they were raised in Motions to Suppress Evidence and brought to light prior to trial, but failed to interview the aforementioned witnesses. Counsel failed to establish whether the omissions by police regarding the phone records(paragraph 12), proffer letter(paragraph 14), and photo line/array(paragraph 15) which is evidence used in the affidavits, constituted a falsification and manufacturing of evidence, which is still in question as the evidence at issue has never been provided to Petitioner due to counsel's ineffectiveness.

Based on the foregoing, the State also obtained a search warrant, issued on July 15, 2015, and filed on January 15, 2016, to search and seize a computer belonging to Petitioner that was taken from his residence on July 15, 2015. The State also performed a warrantless search and seizure of Petitioner's vehicle whereby the State obtained three (3) phones and proceeded to extract and utilize the contents of the same. Had Petitioner's counsel filed a Motion to Suppress the evidence from these unsupported, warrantless and illegal searches and seizures, he would have been successful in having the evidence suppressed and exposed the State's malfeasance and withholding of evidence.

Further investigation by counsel would have revealed that the police submitted the affidavit in support of the search warrant for the contents of the computer in a county that was not the county where subject matter and territorial jurisdiction were legally established. The warrant was issued by a judge in a different county. Trial counsel never challenged the validity of the warrant or the authority and jurisdiction of the issuing court.

The ineffective assistance was material, as the State used the evidence at trial. Further, the State would have been constitutionally deprived of illegally obtained evidence that was alleged to support his guilt, changing the outcome of the proceedings. Compounding the pretrial failures of trial counsel, counsel never objected to the use of the evidence at trial.

Additionally, trial counsel was responsible for ensuring that the record was filed with the appellate court. Counsel did not ensure that the affidavits and warrants at issue were filed with the reviewing court in a usable form. The appellate court was unable to provide complete and proper review of the issues because "To the extent appellant challenges the decision related to the search warrants for the attachment of a GPS tracking device, this court cannot properly address those arguments. Appellant's initial suppression motion references the warrants and accompanying affidavits, but those documents were not attached.1 Link to the text of the note at the suppression hearing, appellant did not introduce those documents as exhibits. As a result, those documents were not before

the trial court at the appropriate time. We cannot discern the merit of appellant's arguments without these documents." *State v. Mock*, 2018-Ohio-268, ¶18.  The appellate court further agreed that the evidence at issue was available to them while they deliberated the appeal, but claimed "The suppression motion electronically filed with the clerk's office references these motions as attached, but they are not attached to the official version contained in this court's record. An undocketed, unfiled version of this document with the attachments exists in the file received by this court, but is not properly a part of this court's record." Id., f.n. 1.  It is unreasonable and prejudicial for counsel to fail to properly provide material documents and evidence for the appellate court's review on critical issues in a case. (It is also unreasonable for a reviewing appellate court to claim to have received a copy of the critical documents in the file for the case, even though claimed to be not "properly" filed, and then claim they did not have the evidence for review of the issues.) Petitioner filed a proper preacipe with the clerk of courts requesting the record be filed on appeal.

The repeated failures cannot be seen as strategy or mere negligence, but a wholesale jettison of counsel's duty of advocacy and adversarial function.  Trial counsel was inarguably ineffective, as he did not challenge the admissibility of the evidence and failed to object to its use at trial, denying Petitioner a fair trial and the effective assistance of counsel, consistent with violations of *(Strickland)*.

Had counsel provided effective assistance, there is a reasonable probability that the outcome of the proceedings would have been different. So Petitioner is entitled to release from custody or granted a new trail. The Ohio courts demonstrated that the decisions of the courts were contrary to and was objectively unreasonable so as to constitute an unreasonable application of federal law determined and establish by the United States Supreme Court.


(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed the judgment of conviction, did you raise this issue?  [X] Yes  [ ] No

    (2) If you did not raise this issue in your direct appeal, explain why:

    The ground was properly exhausted to the Ohio Supreme Court.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  [ ] Yes  [X] No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

No other remedy was necessary to exhaust Ground Three.


**GROUND FOUR:  Petitioner was denied fundamental fairness and due process of law under the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution when he was not permitted review of his issues for new trial based on new affidavit evidence from the attorney for Confidential Informant #2, D.H., the material sole factor used to establish probable cause for search warrants, Tammy Jordan, and Atty. David Patterson who interviewed Brandon Fambro, which disproved any nexus for probable cause. The Motion for New Trial under Criminal Rule 33 was denied based on a finding that the Petitioner was not unavoidably delayed in discovering issues that involved clearly encompassed ongoing violations as defined in (_Brady v Maryland_) police and prosecutorial misconduct consistent with _Napue v Illinois_).  Petitioner was denied a fair trial under the rights granted by the Fourth, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Petitioner is requesting for a evidentiary hearing in the federal courts because Petitioner was deprived fundamental fairness of due process of law under the Fourth, Fifth, Sixth, and Fourteenth Amendment to the United States Constitution in State courts when Petitioner was denied Motion for New Trial under Criminal Rule 33 because Petitioner was not unavoidably delayed in discovering newly discovered improperly suppressed critical and relevant in nature material exculpatory evidence of (_Brady_) violations when the State sought search warrants to install a GPS on the vehicle used by Petitioner, they provided no statements, transcripts or documents to support the affidavits used as probable cause to obtain the warrant.  Police, in a total disregard for the truth, also omitted from the affidavits information that would have been relevant and crucial in the issuing judge's

determination of the credibility and reliability of the sole material person whom help develop and establish the essential vital elements of crimes Petitioner was charged with in the indictment and convicted of used to establish probable cause, CI#2 which included her first-time use as a CI, her propensity for untruth, her commission of crimes and her mental illness requiring hospitalization.

The State has committed, that is consistent with, prosecutorial misconduct by failing to provide the subscriber information for the alleged telephone number for "Ike" (216) 246-9357, that did not come back under Petitioner's name or address. Further, during the (*Franks*) hearing on the issues, the police alleged they found a second phone that was to have led them to Petitioner's name and address. However, there are no subscriber records for this second phone number nor any documentation as to the methods used to obtain this second phone number, what the number was or the methodology used to discover the information. Police further testified at the hearing that they never investigated or confirmed that the second cell phone was in Petitioner's name.

The State has also never provided any of the alleged phone records of Ike, Tammy Jordan or Brandon Fambro, proffer letter from CI#2 or the photo line-up/array CI#2 was to have used to purportedly positively identify Petitioner as "Ike", her alleged accomplice, and not Petitioner.

Petitioner obtained newly discovered evidence in the form of affidavits, eyewitness accounts and material exculpatory evidence that actors and witnesses for the State fabricated and manufactured affidavits. An affidavit was newly obtained from CI#2 Attorney, Mitchell J. Yesky, Esquire, who attested the following regarding an interview of CI#2 by police on March 27, 2015: "During this interview, Detective Duffy showed CI#2 photographs of black males, but CI#2 did not identify Ike. At no time was my client shown a photo array, but instead was shown individual photographs. The name Tyrone Mock Petitioner was never mentioned at this March 15, 2015 meeting and my client did not identify any photographs of the individual known to her as "Ike". On April 22, 2015, Atty. Mitchell J. Yelsky was present at another interview at the federal building (in the presence of a United States Secret Service agent Ben Tyrrel) at the federal building in Independence, Ohio with CI#2 and further attested to the following: "Detective Duffy showed CI#2 photographs one at a time at which time CI#2 positively identified the individual known to her as Ike. The name Tyrone Mock Petitioner was never mentioned at the meeting and at no time was my client shown a photo line-up/array, but instead was shown individual photographs." The identification, then, was discovered to be unduly and impermissibly suggestive.

The evidence shows that the State prosecutor suborned and committed, which is consistent with, prosecutorial misconduct (*Napue*) violations, and the police committed perjury during the suppression (*Franks*) hearing on the issues which wholly undermined the State's claim of probable cause. The critical and relevant in nature material exculpatory evidence was also improperly suppressed from the defense prior to, during and after trial. This evidence of CI#2 was vital to the essential elements of the offences charged in the indictment for preparing petitioner defense to prove the two-star state witnesses was perjuring their testimony at the suppression (*Franks*) hearing and trial, as well as all affidavits and subsequent affidavits. Improperly suppressing critical and

relevant in nature material exculpatory evidence by State prosecutor, deprived Petitioner of fundamental fairness of due process of law and a fair trial as guaranteed by the U.S. Constitution.

An affidavit was obtained by Petitioner from Tammy Jordan, who was claimed by police to have discovered information from her phone records that led to Petitioner's residence. Ms. Jordan's affidavit attested to the fact that she owned a phone with an account associated with her address in North Carolina, and that neither she nor her cell phone were associated with an address where Petitioner was to have lived. She also attested that she did not own a landline or live with Petitioner at the time(s) in question, subverting any possible nexus from her phone records to Petitioner's residence.

Petitioner's attorney, David Patterson, Esquire, also contacted Brandon Fambro, another person who was claimed by police to have discovered information of phone records that led to Petitioner's residence. Ms. Fambro stated that she did not have a landline at the times in question, and the cell phone she used was registered in her mother's name and her mother's address in Warren, Ohio. Also subverting any possible nexus from her phone records to Petitioner's residence.

The new evidence showed the police could not have linked a nexus to the numbers from these people to Petitioner or his address. The failure of the State to provide Petitioner with the information and methodology used to allegedly connect his phone and address to the offenses in the indictment was prejudicial to Petitioner and refutes the existence of a second phone that was to have been owned by Petitioner.

Police attested that they interviewed CI#2, which was in the presence of her attorney, Mitchell Yelsky, Esquire. The State attested that CI#2 allegedly signed a proffer letter and made it seem that she named "Tyrone Mock" as her recruiter and accomplice in numerous crimes, and that she was also to have positively identified Petitioner as "Ike" from a photo line-up.

Petitioner obtained newly discovered evidence that CI#2 was to have signed a proffer letter, which was never provided to Petitioner at any time, despite multiple requests. The evidence was in the form of an affidavit from CI#2's attorney, Mitchell Yelsky.

Attorney Yeslky also attested that his client, CI#2, was never administered a photo line-up/array with Petitioner's photo in it and never identified Petitioner from a photo line-up/array, as sworn by police; again showing malfeasance by the State. In further support of the new evidence, no copy of a photo line-up/array used by CI#2 to identify "Ike" or Petitioner was ever provided to Petitioner, despite multiple requests. It was established in the affidavit that Petitioner's name was never mentioned by the CI#2 during the interview, so the claimed identification of "Tyrone Mock" as "Ike" was an impossibility. The affidavit provided by police to obtain the warrant was intentionally falsified with a total disregard for the truth to perpetrate a fraud upon the court and hide police incompetence, misconduct and malfeasance.

In his Motion for Leave to File a Motion for New Trial and the accompanying Motion for New Trial, Petitioner provided the entire record of portal file given to counsel represented as complete discovery by the State

to show the possible presence of any evidence claimed to support the State's actions or claims. The record is devoid of such evidence of phone records(paragraph 12), proffer letter(paragraph 14) and photo-line/array(paragraph 15).

Thus, the newly discovered evidence showed there was no corroboration or substantiation to support the probable cause to issue the warrant for the GPS that was claimed to have implicated Petitioner's involvement in any crimes. The affidavits from police used by the State to obtain the warrant lacked any indicia of credibility, reliability or probable cause. The evidence showed the State intentionally improperly suppressed critical and relevant in nature material exculpatory evidence that establish probable cause—and continues to do so—which further vitiated any possible claim of good faith by the State in obtaining the warrant for the GPS tracking device.

Petitioner was denied fundamental fairness when he was denied the filing of his Motion for New Trial when he was clearly unavoidably prevented from the discovery of the evidence upon which he relied. This improperly suppressed critical and relevant in nature material exculpatory evidence was the impediment, external factor that put the prosecutor at an advantage and cause prejudice to the defense disadvantage. Had Petitioner not been denied fundamental fairness, there is a reasonable probability that the outcome of the proceedings would have been different. So Petitioner is entitled to release from custody or granted a new trail. The trial courts and Ohio appellant courts demonstrated that the decisions of the courts were contrary to and was objectively unreasonable so as to constitute an unreasonable application of federal law determined and establish by the United States Supreme Court.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: <u>The issues were raised when used to seek a new trial due to newly discovered evidence. A Motion for New Trial is a direct attack of Petitioner's convictions.</u>

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? ☒ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Motion for Leave to File a Motion for New Trial; Motion for New Trial.</u>

Name and location of the court where the motion or petition was filed: <u>Cuyahoga County Court of</u>

<u>Common Pleas, 1200 Ontario Street, Cleveland, Ohio 44113.</u>

Docket or case number (if you know): <u>Case No. CR-15-597566-A</u>

Date of the court's decision: <u>June 24, 2019.</u>

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Eighth District Court of Appeals, 1200</u>

<u>Ontario Street, Cleveland, Ohio 44113</u>

Docket or case number (if you know): <u>Case No. 108837</u>

Date of the court's decision: <u>July 9, 2020.</u>

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

<u>No other remedies were used to exhaust this Ground.</u>

**GROUND FIVE: <u>Petitioner was denied fundamental fairness of due process of law under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution when he was not permitted review of his issues, in Petitioners Motion for New Trial, under Criminal Rule 33 based on a finding that the Petitioner was not unavoidably delayed in discovering previous undisclosed jury questions and the courts answers for new trial, based on the new discovery of evidence exposing material and prejudicial *ex parte* communications between the trial court and the jury, without notice and opportunity to be heard, which also constitutes structural error because Petitioner had a right to be represented by counsel at all critical stages and tried by an impartial jury without irregularities in the proceedings. Thereby committing judicial misconduct.</u>**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

<u>Petitioner was convicted in 2016. He retained counsel to explore post-conviction remedies. When new counsel reviewed a box of documents related to the trial proceedings located at the Court of Appeals, which consisted of over 2400 pages (much of which were State's Exhibits), new documents were discovered. During the review, counsel came upon three *ex parte* jury questions with written responses from the trial judge, and one *ex parte* written response without the accompanying question which were unknown to Petitioner or his trial counsel. None of the questions or responses were ever made part of the trial record, nor were they ever disclosed</u>

to Petitioner. The *ex parte* communications were prejudicial as they were contrary to prior instructions given to the jury. They were improperly suppressed by the trial court.

The trial court's actions and inactions were totally contrary to the proper jury deliberative process and committed consistent with judicial misconduct and constitute structural error due to the prejudicial nature of the communications. Petitioner had a fundamental right to be represented by counsel and be present during all critical stages of a trial against him. *Ex parte* communications encroach on the jury's authority and autonomy and are absolutely improper. The trial court first instructed the jury that "if anyone has a question during deliberations, the foreperson shall write it down, the foreperson shall sign his or her name. You'll ring the bell my bailiff will come get it. She cannot discuss the question if it involves substance of the case. I will discuss it with counsel. I will then come back or bring you out here and give you the appropriate response." TrT., pg. 652. (so therefore the questions were of substance since the bailiff didn't answer the questions rather the judge answered the questions). A substantive question from the jury should be answered in open court, in a defendant's presence with counsel, and with a provision for the defendant to have an opportunity to be heard and object.

Petitioner is requesting for a evidentiary hearing in federal courts because Petitioner was deprived fundamental fairness of due process of law under Fifth, Sixth and Fourteenth Amendment to the United States Constitution in State courts when Petitioner was denied Motion for New Trial under criminal rule 33 because Petitioner was not unavoidably delayed in discovering newly discovered improperly suppressed, effectively hidden material jury notes when the judge response swayed the jury in their deliberative process by given additional jury instructions to the jury after deliberations were under way on substantive issues was fundamentally unfair during trial by committing judicial misconduct. Petitioner had a right to be tried by an impartial jury, so therefore, Petitioner is requesting a hearing to show that these erroneous communications between the trial court constitute good cause for a new trial because the communications of the ex-parte communications prejudice the Petitioners due process right to a fair trial. The impediment was Timothy McCormick did not put Petitioner on notice of the ex-parte communication between judge and jury concerning the controversy of the law that was applicable to the case so clearly the response to the questions were prejudicial that resulted in structural error. This action of the judge's misconduct demonstrated irregularities in the deliberative process and procedurals of Petitioners criminal trail and was not harmless error. Petitioner was denied fundamental fairness when he was denied the filing of his Motion for New Trial when he was clearly unavoidably prevented from the discovery of the evidence upon which he relied. Had he not been denied fundamental fairness, there is a reasonable probability that the outcome of the proceedings would have been different. So Petitioner is entitled to release from custody or granted a new trail. The trial courts and Ohio appellant courts demonstrated that the decisions of the courts were contrary to and was objectively unreasonable so as to constitute an unreasonable application of federal law determined and establish by the United States Supreme Court.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

(c) **Direct Appeal of Ground Five:**

    (1) If you appealed the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

    (2) If you did not raise this issue in your direct appeal, explain why: <u>The issues were raised when used to</u> <u>seek a new trial due to newly discovered evidence.  A Motion for New Trial is a direct attack of Petitioner's</u> <u>convictions.</u>

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  ☒ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: <u>Motion for Leave to File a Motion for New Trial; Motion for New Trial.</u>

    Name and location of the court where the motion or petition was filed: <u>Cuyahoga County Court of</u> <u>Common Pleas, 1200 Ontario Street, Cleveland, Ohio 44113.</u>

    Docket or case number (if you know): <u>Case No. CR-15-597566-A</u>

    Date of the court's decision: <u>June 24, 2019.</u>

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

    (4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: <u>Eighth District Court of Appeals, 1200</u> <u>Ontario Street, Cleveland, Ohio 44113</u>

    Docket or case number (if you know): <u>Case No. 108837</u>

    Date of the court's decision: <u>July 9, 2020.</u>

    Result (attach a copy of the court's opinion or order, if available):

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five:

    <u>No other remedies were used to exhaust this Ground.</u>

13. Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

If your answer is "no," state which grounds have not been presented and give your reason(s) for not presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you are challenging in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result of each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

16. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

    Suppression of evidence by the prosecution in violation of *Brady* that is favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution, implicitly constitutes a *per se* excuse ("cause" and "prejudice") for procedural default in habeas review. Petitioner asserts that the evidence willfully improperly suppressed by the prosecution is favorable to him, as it wholly undermines any claim of probable cause by the State by impeachment of the affidavit(s) provided to obtain warrants, the improperly suppressed evidence was exculpatory in nature as it revealed the confidential informant lacked any indicia of reliability or credibility as a nexus for probable cause, the improperly suppressed evidence impeached the State's claims of a nexus for probable cause to investigate Petitioner, and Petitioner was prejudiced by the suppression of the evidence which would have revealed the State's prosecutorial misconduct. The Court is reminded that the suppression of the material evidence at issue is ongoing, thus there is a need for an evidentiary hearing, which evidence includes the following: 1) The proffer letter and phone records from CI #2; 2) the photo array that was claimed to have been used by CI #2 to identify Petitioner; 3) the phone records that were to have been "Ike's"; 4) Tammy Jordan's phone records; 5) Brandon Fambro's phone records; 6) evidence to show the existence of a

second phone allegedly used to create an evidentiary link to Petitioner. The ongoing suppression also prevented Petitioner from being able to develop the facts related to the evidence in state-court proceedings and challenge the improperly suppressed evidence. The opportunity to challenge would have revealed fabrication of evidence provided in the affidavits used to solicit warrants to attach a GPS tracking device to Petitioner's vehicle and would establish malfeasance by the State through the use of falsification, fraud and perjury

Additionally, the *ex parte* communications by the trial court to the jury should be considered newly discovered as they were not documented in the trial record or provided to the defense, which is consistent with the withholding of the information by the trial court. Both the evidence obtained by Petitioner via affidavit(s) which support police and prosecutor misconduct, and the evidence discovered of the *ex parte* communications by the judge, should be considered newly discovered, as it is presumed that public officials have properly discharged their official duties and a petitioner does not have the burden to discover the improperly suppressed evidence, regardless who improperly suppressed it, when it violates *Brady*.

No State court has ever provided a ruling on these claims raised, that the evidence was improperly suppressed by prosecutor or the judge.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in pertinent part that:

(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the Court grant the following relief: Petitioner prays the Court grant him relief in the form of production of the evidence withheld by the State, exclusion of the evidence that violated the Fourth Amendment, vacatur of his convictions, or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _June 1 2022_ (month, date, year).

Executed (signed) on _June 1_, 2022.

_Tyrone Mock_
Signature of Petitioner Tyrone Mock

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.