IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **TYRONE MOCK,** | Case No. 1:22-CV-00937 |
| **Plaintiff,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **BRYANT PALMER, Warden,**[1] | |
| **Defendant.** | **MEMORANDUM OPINION & ORDER** |

This matter is before the Court upon Petitioner Tyrone Mock's ("Petitioner" or "Mock") Motion for Evidentiary Hearing and Motion to Recall a Mandate for Relief from Judgment filed on October 24, 2024 ("Mock's Motion"). (Doc. No. 29.) On November 7, 2024, Respondent's Response to Mock's Motion (Doc. No. 29) was filed ("Respondent's Response"). (Doc. No. 30.) On November 14, 2024, Mock filed a Supplement to Petitioner's Motion, attaching as Exhibit 1, a Motion for Discovery which is PageID # 1247 of the record. (Doc. No. 32, and 32-1.) Mock's Motion is now ripe for a decision.

**Background**

On June 1, 2022, Mock, pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Mock's Petition"). (Doc. No. 1.) On September 21, 2022, Respondent filed the Answer/Return of Writ. (Doc. No. 5.) On January 23, 2023, Mock filed a Traverse. (Doc. No. 9.) On February 3, 2023, Mock filed a Motion for an Evidentiary Hearing pursuant to Rule 8 of the Rules Governing Section 2254 cases, and on March 13, 2023, Respondent filed an Opposition thereto.

---

[1] Petitioner Tyrone Mock is currently incarcerated in the Ohio State Penitentiary and Bryant Palmer is the Warden of that institution and therefore, is the proper party Respondent. (Doc. No. 30, PageID # 3605, citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).)

(Doc. Nos. 10, 14.) On May 19, 2023, Magistrate Judge Grimes filed a Report and Recommendation recommending that Mock's Petition be dismissed, concluding that grounds one through four of Mock's Petition were time-barred and that ground five was not cognizable ("the Report and Recommendation"). (Doc. No. 15.) In the Report and Recommendation, Magistrate Judge Grimes denied Mock's Motion for an Evidentiary Hearing. (Doc. No. 15, PageID # 3079, fn. 1.) On August 31, 2023, Mock filed Petitioner's Objections to the Magistrate Judge's Report and Recommendation ("Mock's Objections"). (Doc. No. 21.) On May 22, 2024, this Court issued a Memorandum Opinion and Order adopting the Report and Recommendation and overruling Mock's Objections. (Doc. No. 25.) In its Judgment Entry filed on May 23, 2024, this Court concluded that "Mock has not sufficiently demonstrated the need for an evidentiary hearing or for the State to complete the record and Mock's requests are denied." (Doc. No. 26-1, PageID # 3314.) And this Court certified that an appeal from its decision could not be taken in good faith, and that there was no basis upon which to issue a certificate of appealability. (*Id.*)

On June 24, 2024, Mock filed a Notice of Appeal with the Sixth Circuit Court of Appeals, appealing this Court's denial of Mock's Petition, and moving for a certificate of appealability. (Doc. No. 28.) On October 24, 2024, Mock's Motion was filed, requesting an evidentiary hearing, relief from judgment, and a new trial ("Mock's Motion"). (Doc. No. 29.) On November 7, 2024, the Sixth Circuit Court of Appeals denied Mock's application for a certificate of appealability in case number 24-3563 and in relevant part concluded that "[r]easonable jurists would not debate the district court's determination that grounds one through four are untimely" and "also would not debate the district court's rejection of ground five because a challenge to an error or deficiency in a state post-conviction

proceeding is not cognizable in a § 2254 proceeding." (Doc. No. 31, PageID #s 3610-11.) On November 7, 2024, Respondent filed a Response to Mock's Motion.

**Analysis**

As Respondent points out, Mock's motion for a new trial is untimely under Fed R Civ. P. 59(b) because it was filed more than 28 days after the judgment. As to Mock's request for an evidentiary hearing, the Court has already denied that motion and Mock's disagreement with that decision is not a sufficient basis for this Court to revisit its decision. Indeed, Respondent correctly cites precedent for its argument that it is not necessary to supplement the state court record regarding non-cognizable claims and a time-barred petition.[2] (Doc. No. 30, PageID # 3606.) This Court also rejects Mock's request for relief from judgment because Mock's claims were or could have been presented in his prior application for a certificate of appealability in the Sixth Circuit.

Accordingly, Mock's Motion is DENIED.

**IT IS SO ORDERED.**

Date: November 20, 2024

    s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE

---

[2] As already noted, the Sixth Circuit Court of Appeals agreed with this Court that grounds one through four of Mock's Petition are time-barred and ground five is non-cognizable.

3