IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Tyrone Mock,**                                   Case No. 4:22-cv-00937

                 **Petitioner,**

         -vs-                                    **JUDGE PAMELA A. BARKER**

**Warden Charmaine Bracy[1],**

                                        **MEMORANDUM OPINION & ORDER**

                 **Respondent.**

Currently pending is *pro se* Petitioner Tyrone Mock's ("Petitioner" or "Mock") Motion to Appeal *In Forma Pauperis* ("IFP Motion"). (Doc. No. 36.) For the following reasons, Petitioner's Motion is DENIED.

**I.**      **Relevant Procedural History**

On June 1, 2022, Mock, pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. No. 1.) On September 21, 2022, Respondent filed the Answer/Return of Writ. (Doc. No. 5.) On January 23, 2023, Mock filed a Traverse. (Doc. No. 9.) On February 3, 2023, Mock filed a Motion for an Evidentiary Hearing pursuant to Rule 8 of the Rules Governing Section 2254 cases, and on March 13, 2023, Respondent filed an Opposition thereto. (Doc. Nos. 10, 14.) On May 19, 2023, Magistrate Judge Grimes filed a Report and Recommendation recommending that Mock's Petition be dismissed, concluding that grounds one through four of Mock's Petition were time-barred and that ground five was not cognizable ("the Report and

---

[1] Petitioner Tyrone Mock is currently incarcerated in the Ohio State Penitentiary ("OSP"). (Doc. No. 27.) Bryant Palmer is the warden of OSP, and as such, is substitutes as the proper Respondent in this case. *See* 28 U.S.C. § 2244 ("The writ . . . shall be directed to the person having custody of the person detained.").

Recommendation"). (Doc. No. 15.) In the Report and Recommendation, Magistrate Judge Grimes denied Mock's Motion for an Evidentiary Hearing. (Doc. No. 15, PageID #3079, fn. 1.) On August 31, 2023, Mock filed Petitioner's Objections to the Magistrate Judge's Report and Recommendation ("Mock's Objections"). (Doc. No. 21.) On May 22, 2024, this Court issued a Memorandum Opinion and Order adopting the Report and Recommendation and overruling Mock's Objections. (Doc. No. 25.) In its Judgment Entry filed on May 23, 2024, this Court concluded that "Mock has not sufficiently demonstrated the need for an evidentiary hearing or for the State to complete the record and Mock's requests are denied." (Doc. No. 26-1, PageID # 3314.) And this Court certified that an appeal from its decision could not be taken in good faith, and that there was no basis upon which to issue a certificate of appealability. (*Id.*)

On June 24, 2024, Mock filed a Notice of Appeal with the Sixth Circuit Court of Appeals, appealing this Court's denial of Mock's Petition, and moving for a certificate of appealability. (Doc. No. 28.) On October 24, 2024, Mock filed a motion requesting an evidentiary hearing, relief from judgment, and a new trial ("Mock's Motion for Relief from Judgment"). (Doc. No. 29.) On November 7, 2024, the Sixth Circuit Court of Appeals denied Mock's application for a certificate of appealability in case number 24-3563 and in relevant part concluded that "[r]easonable jurists would not debate the district court's determination that grounds one through four are untimely" and "also would not debate the district court's rejection of ground five because a challenge to an error or deficiency in a state post-conviction proceeding is not cognizable in a § 2254 proceeding." (Doc. No. 31, PageID #s 3610-11.) On November 7, 2024, Respondent filed a Response to Mock's Motion for Relief from Judgment. (Doc. No. 30.) On November 14, 2024, Mock filed a supplement to his

Motion for Relief from Judgment, and a motion to recall a mandate for relief from judgment ("Motion to Recall"). (Doc. No. 32.)

On November 20, 2024, this Court issued a Memorandum Opinion and Order denying Mock's Motion for Relief from Judgment and Motion to Recall. (Doc. No. 33.) This Court concluded that Mock's motion for a new trial was untimely, his request for an evidentiary hearing was already denied, and his request for relief from judgment was or could have been presented in his prior application for a certificate of appealability in the Sixth Circuit. (*Id.* at PageID # 3639.)

On December 2, 2024, Mock filed a Notice of Appeal with the Sixth Circuit Court of Appeals, appealing this Court's denial of his Motion for Relief from Judgment and Motion to Recall, and moved for a certificate of appealability. (Doc. No. 34.) On January 6, 2025, the Sixth Circuit Court of Appeals issued an Appeal Order concluding that the original deciding judge who denied Mock's certificate of appealability "did not misapprehend or overlook any point of law or fact in issuing the order," and accordingly, declined to rehear the matter.[2] (Doc. No. 35.) On January 10, 2024, Mock filed a Motion to Appeal *In Forma Pauperis* ("Mock's IFP Motion"), seeking to appeal this Court's denial of his Motion for Relief from Judgment and Motion to Recall. (Doc. No. 36.)

## II. Law and Analysis

Fed. R. App. P. 24(a)(1) provides that, "except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court." Fed. R. App. P. 24(a)(1). In support of such a motion, "[t]he party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give

---

[2] The Appeal Order also referred the matter to all of the active members of the court for further proceedings on Mock's suggestion for en banc rehearing. (Doc. No. 35.)

3

security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id.* If a party was previously permitted to proceed IFP in the district court action, however, he need not seek authorization from the district court to proceed IFP on appeal. Specifically, Fed. R. App. P. 24(a)(3) provides as follows:

> (3) **Prior Approval**. A party who was permitted to proceed *in forma pauperis* in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

Here, the Court did not previously permit Mock to proceed *in forma pauperis* in this action. Therefore, Mock was required to file a motion with the Court. Upon review of Mock's IFP Motion, the Court must evaluate not only the party's pauper status but also the merits of the appeal and may in its discretion certify that an appeal is not taken in good faith. *See Bruce v. Great Britain*, 2019 WL 13146768 at *1 (E.D. Tenn. Jan. 23, 2019); *see also Castellon v. Hinkle*, 2023 WL 5011304 (S.D. Ohio Aug. 7, 2023) ("This Court may deny a movant's request to proceed on appeal *in forma pauperis* without requiring further authorization if it finds that the appeal is not taken in good faith."); 28 U.S.C. § 1915(a)(3) ("[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith").

The Sixth Circuit has held that "[a] frivolous appeal, one that 'lacks an arguable basis either in law or in fact,' would not be taken in good faith." *Shephard v. Morvzin*, 2016 WL 10592246 at *1

(6th Cir. Dec. 9, 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *accord Shepard v. Clinton*, 27 Fed. Appx 524, 524 (6th Cir. 2001). *See also Rivera De Jesus v. DLJ Properties, LLC*, 2022 WL 17098648 at *1 (E.D. Tenn. Nov. 2, 2022) (collecting cases), *report and recommendation adopted by* 2022 WL 17097737 (E.D. Tenn. Nov. 21, 2022). The good faith assessment is an "objective" one. *See Bruce*, 2019 WL 13146768 at * 1. It is irrelevant, for instance, that a litigant may have a subjective belief that their lawsuit is meritorious. *Id*. (citing *Lee v. Clinton,* 209 F.3d 1025, 1029 (7th Cir. 2000)). Rather the question is whether a "reasonable person" would believe the claim has legal merit. *Id*.

"The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Powell v. Alcoa High School*, 2010 WL 3087387 at *2 (E.D. Tenn. Aug. 5, 2010) (quoting *Flippin v. Cobuyn*, 107 Fed. Appx 520, 521 (6th Cir. 2004)). *See also Rivera De Jesus*, 2022 WL 17098648 at * 2.

In the instant case, Mock's request for leave to proceed on appeal IFP is denied for several reasons. First, the Court finds that Mock's appeal lacks an arguable basis either in law or in fact and would not be taken in good faith. Mock seeks relief under Federal Rule of Civil Procedure Rule 60, raising various claims regarding violations of *Franks v. Delaware*, 438 U.S. 154 (1978), *Brady v. Marland*, 373 U.S. 83 (1963), and *United States v. Jones*, 565 U.S. 400 (2012). (Doc. No. 36.) However, "[r]eiteration of a previously rejected argument does not warrant Rule 60(b) relief." *White v. United States*, 2018 WL 11337479, at *2 (6th Cir. June 7, 2018) (*citing Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004)). Further, motions under Rule 60(b) are "neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). For this reason, "arguments that were, or should have been, presented on appeal are generally unreviewable

5

on a Rule 60(b)(6) motion." *Id.*; *Hopper*, 867 F.2d at 294. Here, Mock simply reiterates the previous arguments made in his habeas Petition that have already been rejected by this Court, and the Sixth Circuit which denied Mock a certificate of appealability. (Doc. Nos. 25, 31.) The Court concludes that Mock's appeal has no legal merit and is not taken in good faith. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal.")

The Court also denies Mock's IFP Motion because he has failed to fully complete the Long Form Application to Proceed IFP. (Doc. No. 36 at PageID # 3642.) As set forth *supra*, Rule 24(a)(1)(A) requires that Plaintiff "show[] in the detail prescribed by Form 4 of the Appendix of Forms [his] inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a)(1)(A). Here, however, Mock has instead utilized the CJA 23 form for Criminal Justice Act ("CJA") cases instead of the appropriate Form 4 for non-CJA cases, which requires less information than the Form 4. (Doc. No. 36 at PageID # 3642.) Moreover, even using the CJA 23 form, Mock has failed to answer all the questions provided, and numerous discrepancies exist between his CJA 23 form and OSP Inmate Demand Statement.[3] Mock's application is thus deficient.

Accordingly, and for all the reasons set forth above, the Court DENIES Mock's IFP Motion. (Doc. No. 36.)

---

[3] For example, the CJA 23 form asks whether the individual is currently employed and includes follow-up questions stating: "IF NO, give month and year of last employment" and "How much did you earn per month?" (Doc. No. 36 at PageID # 3642.) Mock answers that he is not currently employed yet fails to complete the follow-up questions. *Id.* The Court also notices certain discrepancies between Mock's CJA 23 form and his OSP Inmate Demand Statement. For example, Mock indicates in his CJA 23 form that he has no dependents, debts, or monthly bills, yet his OSP Inmate Demand Statement shows regular child support payments. (*Id.* at PageID # 3642–47.) Similarly, Mock indicates that he has received no income or other sources of payments in the last twelve months, yet his OSP Inmate Demand Statement shows that he has received numerous deposits into his account via "OffConnect Kiosk Deposit" as well as various "State Pay" deposits. (*Id.*) Mock offers no explanations for these discrepancies. (*Id.*)

**III.     Conclusion**

For all the foregoing reasons, Petitioner's IFP Motion (Doc. No. 36) is DENIED.  If Petitioner intends to proceed with his appeal, he must, within thirty days of the date of this Order, either pay the filing fee or file a motion in the United States Court of Appeals for the Sixth Circuit for leave to proceed on appeal *in forma pauperis* as set forth in Federal Rule of Appellate Procedure 24(a)(5).[4]

**IT IS SO ORDERED.**

Dated:  January 24, 2025

*s/Pamela A. Barker*
PAMELA A. BARKER
UNITED STATES DISTRICT JUDGE

---

[4] Specifically, Rule 24(a)(5) provides as follows: "A party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4).  The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)." Fed. R. App. P. 24(a)(5).